## LUDINGTON v. DUDLEY.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

GAMING CONTRACTS—IVES POOL LAW.

    The Ives pool law (Laws 1887, c. 479), removing the penal inhibition against pool selling at races, even if constitutional, does not validate the contract. Opinion of Bischoff, J., in Irving v. Britton, 28 N. Y. Supp. 529, 8 Misc. Rep. 206, followed.

Appeal from first district court.

Action by Ivanhoe B. Ludington against John Dudley for money had and received. There was a judgment in favor of plaintiff, rendered by the justice upon a stipulated state of facts, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John Callahan, for appellant.

Howe & Hummel, for respondent.

BISCHOFF, J. The facts in this case, as admitted by stipulation, present the identical question which was decided by this court in the case of Irving v. Britton, 8 Misc. Rep. 201, 28 N. Y. Supp. 529, upon which authority this appeal is to be determined. But apart from the adjudication upon the constitutionality of the Ives pool law (chapter 479, Laws 1887), as presented by the prevailing opinion in that case, the defense in this action must fail upon the ground taken in the concurring opinion handed down therewith (8 Misc. Rep. 206, 28 N. Y. Supp. 529). Hence, the determination of the supreme court in the case of Reilly v. Gray, 77 Hun, 402, 28 N. Y. Supp. 811, wherein contrary views as to the constitutionality of the act were expressed, even if it could here be observed with propriety by this general term, is not available as a support to appellant's contention, for we should be content to rest our decision upon the express ground taken in the concurring opinion in Irving v. Britton, above referred to. Judgment affirmed, with costs.